IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SOBIA FAROOQ ATA,<br><br>Plaintiff,<br><br>v.<br><br>RAYMOUR & FLANIGAN, INC.,<br><br>Defendant. | Civil Action No. 23-397-RGA |

MEMORANDUM ORDER

Before me is Defendant's "Motion to Dismiss" and Plaintiff's "Motion for Leave to File First Amended Complaint." (D.I. 9, 21). I have considered the parties' briefing. (*Id.*). For the reasons set forth below, Defendant's motion is DENIED in part and DISMISSED as moot in part and Plaintiff's motion is GRANTED.

I.   **BACKGROUND**

Plaintiff filed her Complaint *pro se* but has since retained counsel. (D.I. 2, 18). Plaintiff alleges "a simple raciest [sic] matter"—a coworker insisted Plaintiff eat pork, which she refused. (D.I. 2 at 4). Plaintiff alleges that after this incident, she experienced hardship and harassment in her workplace. (*Id.* at 4–5). Plaintiff alleges that, despite her complaints to her supervisors, no action was taken and the hardships she experienced at work became more aggressive, which included her coworkers throwing her belongings on the floor, stealing her belongings, and treating her in a hateful manner. (*Id.* at 5–6). Plaintiff was eventually fired. (*Id.* at 5).

Plaintiff filed her Complaint *pro se* on April 10, 2023. (*Id.* at 1). Plaintiff also filed a motion for Leave to Proceed *in forma pauperis*, which was granted on April 12, 2023. (D.I. 1, 5). Plaintiff filed two motions for Appointment of Counsel: one on April 10, 2023 and one on

1

July 26, 2023. (D.I. 4, 6). On October 31, 2023, I issued an order denying both motions for Appointment of Counsel and ordering Plaintiff to provide to the Clerk of the Court a copy of her Complaint and the necessary forms for service on Defendant, with failure to do so within 90 days of the order potentially resulting in the Complaint being dismissed under Rule 4(m). (D.I. 7 at 1–2). Plaintiff provided the Clerk of the Court a copy of the Complaint and necessary forms on December 1, 2023. The Complaint was sent to Defendant on December 7, 2023. (D.I. 8-1 at 1 of 2). The Clerk of the Court received Defendant's waiver of formal service on December 20, 2023. (*Id.*). On February 14, 2024, Defendant filed a motion to dismiss for (1) failure to serve Defendant in a timely manner and (2) failure to state a claim. (D.I. 9 at 1). After several motions to extend time to respond, Plaintiff retained counsel and filed a motion on June 21, 2024 with two parts: (1) opposing Defendant's motion to dismiss and (2) requesting leave to amend her Complaint in lieu of dismissal. (D.I. 11, 15, 18, 19, 21). Defendant filed no reply.

## II.     LEGAL STANDARD

### A. Timely Service

A complaint must be served on the defendant within 90 days after its filing. Fed. R. Civ. P. 4(m). If it is not, then the court must dismiss the action without prejudice, unless the plaintiff shows good cause for failing to timely serve the complaint. *Id.* If good cause is shown, then "the court must extend the time for service for an appropriate period." *Id.*; *see also Boley v. Kaymark*, 123 F.3d 756, 758 (3d Cir. 1997) ("If good cause exists, the extension [under Rule 4(m)] must be granted."). If there is no good cause, "the district court must consider whether to grant a discretionary extension of time." *Boley*, 123 F.3d at 758. "In determining whether good cause exists, a court's primary focus is on the plaintiff's reasons for not complying with the time limit in the first place." *Id.* (internal quotations and citation omitted). Factors to be considered

when determining whether to grant a discretionary extension include prejudice to the defendant and whether the statute of limitations will run on the plaintiff's claim. *Id.* at 758–59.

### B. Failure to State a Claim

Rule 8 requires a complainant to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) allows the accused party to bring a motion to dismiss the claim for failing to meet this standard. Fed. R. Civ. P. 12(b)(6). This motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

The factual allegations do not have to be detailed, but they must provide more than labels, conclusions, or a "formulaic recitation" of the claim elements. *Id.* at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."). Moreover, there must be sufficient factual matter to state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The facial plausibility standard is satisfied when the complaint's factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotations and citation omitted).

With a *pro se* plaintiff, the complaint "must be held to less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

would entitle him to relief." *Estelle v. Gamble*, 429 U.S. 97, 108 (1976) (internal quotations and citations omitted).

### C. Leave to Amend Complaint

Rule 15(a)(2) states that, apart from amendments as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15 has been construed liberally. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004). "[A]bsent undue or substantial prejudice, an amendment should be allowed under Rule 15(a) unless 'denial [can] be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment.'" *Id.* (internal quotations and citations omitted) (emphasis omitted). An amendment is futile if it "would fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

"Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004). "[I]f a claim is vulnerable to dismissal under Rule 12(b)(6), but the plaintiff moves to amend, leave to amend generally must be granted unless the amendment would not cure the deficiency." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).

Local Rule 15.1 requires a party who moves to amend a pleading to attach proposed amendments to their motion. D. Del. LR 15.1.

## III.  DISCUSSION

### A. Timely Service

Defendant argues that the Complaint should be dismissed for failure to serve the Complaint in a timely manner. (D.I. 9 at 4). Defendant argues that Plaintiff's failure to timely serve the Complaint (1) prejudices Defendant because of the passage of time and (2) is fatal to Plaintiff's action because she "filed her Complaint on the last day of the 90 day window in which she could sue Defendant after her proceeding before the Equal Opportunity Commission was dismissed," likening the window to a statute of limitations. (*Id.*).

Plaintiff argues that she, being a *pro se* Plaintiff at the time, "assumed service was accomplished upon filing" and, once she realized she did not properly serve Defendant, "worked with the U.S. [Marshal] to accomplish proper service." (D.I. 21 at 6–7).

I find that there was good cause for late service of the Complaint. The reason for Plaintiff's delay, which is the necessary inquiry for determining good cause, was because she, as a *pro se* plaintiff, assumed service of process was accomplished upon filing her Complaint. *Boley*, 123 F.3d at 758; (D.I. 21 at 6–7). Once Plaintiff was notified that she must provide the Clerk of the Court with a copy of the Complaint and the necessary forms so the U.S. Marshals Service could serve Defendant, she complied within the specified timeframe. (D.I. 7 at 1, D.I. 8-1 at 1 of 2). Defendant points to no specific ways it is prejudiced by the delay. (D.I. 9 at 4).

Another judge of this court ruled similarly and refused to dismiss a case for failure to serve in a timely manner when a *pro se* plaintiff failed to serve his complaint, finding there was good cause for the untimely service. *See Snipe v. Staples the Office Superstore E., LLC*, 2023 WL 199207, at *2 (D. Del. Jan. 17, 2023) (denying a defendant's motion to dismiss for untimely

service because the *pro se* plaintiff "could have assumed service was [e]ffected when he filed the [c]omplaint" and he attempted to remedy the error when it was realized).

Defendant argues Plaintiff filed her Complaint on the last possible day of the 90-day window in which she could file suit. This may be true, but this weighs in favor of allowing an extension, even without good cause. "Interpreting [Rule 4(m)], under which the court may extend the time for service to avoid the bar of limitations, to authorize the court to refuse to extend it so the defendant may gain the benefit of that bar appears to us to be inconsistent with its purpose." *Boley*, 123 F.3d at 758. If Plaintiff were not granted an extension, her suit would be barred. The discretion under Rule 4(m) to deny a motion to dismiss for untimely service acts to prevent this outcome. *Id.*

Thus, I find there was good cause for late service of the Complaint and will deny Defendant's motion to dismiss for untimely service.

### B. Failure to State a Claim and Leave to Amend Complaint

Defendant argues that Plaintiff fails to allege she is a member of a protected class that would give rise a discrimination claim. (D.I. 9 at 5). Defendant argues that Plaintiff claims she was asked by a coworker to eat pork, but "this comment is not pleaded as being related to Plaintiff's membership of any protected class." (*Id.* at 6). Further, Defendant argues Plaintiff fails to include allegations of severe and pervasive treatment or discriminatory intent, which are necessary for a discrimination claim. (*Id.*). Defendant also argues that Plaintiff fails to include allegations in her Complaint that would give rise to a wrongful discharge or retaliation claim under Title VII. (*Id.* at 6–7). Defendant argues that Plaintiff failed to show she engaged in protected activity, which is necessary for a retaliation claim. (*Id.* at 7).

Plaintiff argues it can be inferred that she is part of the protected Muslim class from her allegation that a coworker asked her to eat pork, which Plaintiff refused, because the refusal to handle or consume pork is a significant aspect of the Muslim faith. (D.I. 21 at 13). Plaintiff argues that, after her refusal to eat pork, she was subjected to mistreatment by coworkers and, despite her written complaints, received no help from her supervisors, eventually leading to her termination. (*Id.* at 14–15). Plaintiff argues this is enough to state a claim under Title VII that is plausible on its face. (*Id.* at 15–16). Plaintiff then requests leave to amend her complaint to correct any defects in lieu of dismissal. (*Id.* at 19–20).

"[B]ad faith, undue delay, prejudice, [and] futility" are the only grounds where dismissal without leave to amend is warranted. *Alston*, 363 F.3d at 236. None are present here. Defendant does not oppose Plaintiff's motion to amend and I find no evidence of bad faith, undue delay, prejudice, or futility. Considering Plaintiff originally filed her Complaint *pro se* but has since retained counsel, allowing Plaintiff leave to amend to cure any deficiencies, as opposed to dismissing the Complaint, is the most appropriate course of action. *See Jones v. Jones & Laughlin Steel Corp.*, 750 F.2d 1214, 1215 (3d Cir. 1984). Though Plaintiff's allegations in her Complaint are sparse and do not allege a specific cause of action, and though Plaintiff did not attach a proposed amended complaint as required by Local Rule 15.1, there is no indication that an amended complaint would be futile or that Plaintiff would be unable to satisfy the notice pleading requirement. Plaintiff indicates in her Response that she will raise a Title VII discrimination claim. (D.I. 21 at 4). Plaintiff has a lawyer now and Plaintiff ought to be able to file an amended complaint that complies with pleading requirements. Defendant does not offer any arguments to the contrary or otherwise oppose Plaintiff's request to amend her Complaint in lieu of dismissal.

## IV.     CONCLUSION

For the reasons stated above, Defendant's motion to dismiss (D.I. 9) is DENIED in part and DISMISSED as moot in part and Plaintiff's motion for leave to amend (D.I. 21) is GRANTED.  Plaintiff shall file an amended Complaint within three weeks of this Order.

IT IS SO ORDERED.

Entered this 19th day of September, 2024.

_____
United States District Judge